IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| QUISHAWN COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-848-WHA-SMD |
| | ) | [WO] |
| BRANDON McGEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Houston County Jail, filed this 42 U.S.C. § 1983 complaint on December 30, 2021. After reviewing the complaint and finding deficiencies with this pleading, the undersigned determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies. On January 18, 2022, the undersigned entered an order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 4.

Plaintiff filed an amended complaint on January 31, 2022, naming as defendants the Houston County Jail—which the undersigned had informed Plaintiff in the January 18, 2022, Order was not a proper defendant—and two inmates. Doc. 5. Accordingly, the undersigned deemed it appropriate to require Plaintiff to re-plead his cause of action, and entered an Order February 2, 2022, explaining the deficiencies in the January 31, 2022, amended complaint and granting Plaintiff a further opportunity to file a cause of action which comported with the specific directives contained therein. *See* Doc. 6.

On February 16, 2022, Plaintiff filed a second amended complaint. The undersigned has carefully reviewed the amended complaint and finds it fails to comport with the specific directives contained in the Order of February 2, 2022. The February 2 Order specifically informed Plaintiff that his amended complaint must contain one claim and any claim that can be shown closely related to it in time and type, identify the individual(s) <u>state</u> actors personally responsible for the conduct and actions Plaintiff claimed violated his constitutional rights, specifically describe how each named defendant acted in a manner that deprived Plaintiff of his constitutional rights, and plead a short and plain statement of the claim that would give each defendant fair notice of Plaintiff's claim(s) and the ground upon which it rests. Plaintiff's amended complaint, however, again identifies inmates as defendants, asserts challenges regarding two separate and unrelated failure to protect claims, fails to specifically describe how each named defendant acted in a manner that deprived Plaintiff of his constitutional rights, and fails to articulate a claim against each named defendant which provides them with fair notice of the claim being asserted against them. Doc. 7. Thus, the February 16 amended complaint fails to assert those material facts necessary to establish a cognizable and viable claim against any properly named defendant. *See Fullman v. Graddick*, 739 F. 2d 553, 556-57 (11th Cir. 1984). That is, Plaintiff's amended complaint fails to identify specific facts that allow the Court to make any plausible inference that any of the treatment he allegedly received from a named defendant amounted to a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Pleadings which are general and non-specific create confusion not only for the defendant in trying to frame a responsive pleading but also for the Court in trying to determine the scope of Plaintiff's claims. Furthermore, notwithstanding the liberality afforded *pro se* filings, *Hughes v. Rowe*, 449 U.S. 5 (1980), the Court may not make Plaintiff's arguments for him or otherwise re-write a deficient complaint.

Based on the foregoing, dismissal of the case at this juncture is the proper sanction. After affording Plaintiff repeated opportunities to file an amended complaint, he failed to submit one which complied with the specific directives provided by the Court regarding the filing of an amended complaint. The general and muddled nature of the allegations asserted in Plaintiff's amended complaint simply do not afford the named defendants fair notice of any actions or inactions on their part which violated any specific right of Plaintiff. The undersigned, therefore, concludes that dismissal of this case is appropriate for Plaintiff's failure to comply with the specific orders of the Court with respect to the filing of an amended complaint. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see*

also *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *World Thrust Films, Inc., v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456-57 (11th Cir. 1995).[1]

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that **by March 14, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of February, 2022.

      /s/    Stephen M. Doyle
STEPHEN MICHAEL DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is free, however, to file another civil action if he is able to file a complaint which complies with the directives identified in the orders of January 18, 2022, and February 2, 2022, regarding the manner in which his complaint must be pled.